UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER HAKEAM JABBAR WISE,

Plaintiffs,

v.                                                    CAUSE NO. 3:26-CV-800-GSL-AZ

ALLEN COUNTY CRIMINAL DIVISION,
FRANCIS GULL, DAVID ZENT, STEVEN
GODFREY, SAMUEL KIERNS, MICHAEL
McALEXANDER, JOSHUA MCDOWELL,
CHRISTINA M. GULL, REBBECCA R. GROVE,
ASHLEY M. SKIBINSKI, TASHA B. LEE,
MEGAN B. CARMICHAEL, KAYLA
FREDERICK, MATTHEW SKEENS, JORDANN
LAW, and KAITIN PATTERSON,

Defendants.

OPINION AND ORDER

Christopher Hakeam Jabbar Wise, a prisoner without a lawyer, filed a vague

complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro*

*se* complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the

court must review the merits of a prisoner complaint and dismiss it if the action is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief.

Wise makes broad allegations about how criminal cases are handled in Allen

County, but he does not say what happened to him or how any of the defendants were

personally involved. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Wise believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law

library. He needs to write the word "Amended" on the first page above the title

"Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Christopher Hakeam Jabbar Wise until **July 22, 2026**, to file an

amended complaint; and

(2) CAUTIONS Christopher Hakeam Jabbar Wise if he does not respond by the

deadline, this case will be dismissed under 28 U.S.C. § 1915A without further

notice because the current complaint does not state a claim for which relief can

be granted.

SO ORDERED on June 15, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT

3